UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JEROME JOHNSON,

|  |  |
|---|---|
|  | Criminal Case Number 10-20163 |
| Petitioner, | Civil Case Number 12-15227 |
|  | Honorable David M. Lawson |

UNITED STATES OF AMERICA,

Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Anthony Johnson was convicted on his plea of guilty of two counts of dealing in firearms without a licence in violation of 18 U.S.C. § 922(a)(1)(A), after entering into a plea agreement under Federal Rule of Criminal Procedure 11(b)(1)(C). He was sentenced on March 7, 2011 to a total prison term of 87 months. Johnson did not file a direct appeal from his conviction or sentence.

Johnson then filed the present motion to vacate his sentence under 28 U.S.C. § 2255 on November 28, 2012, alleging that his trial counsel was ineffective by (1) failing to advise the Court that he would not receive federal credit for the approximately eight months he spent in pretrial detention and (2) failing to advise the Court of its authority to impose a concurrent sentence. The government has filed a response to the petition, arguing that the petition was filed out of time, and it lacks merit. Although there is an error on the cover page of the presentence investigation report (PSR) as to the petitioner's pretrial custody status, the Court was not misled and imposed an appropriate sentence in this case. Even if trial counsel performed deficiently, no prejudice has been shown. Therefore, the motion will be denied.

I.

Defendant Anthony Jerome Johnson engaged in the unlawful sale of firearms in the City of Detroit from September 2008 through April 2009. Johnson acted as a middle-man between his co-conspirators, a confidential informant, and several undercover agents who expressed interest in purchasing multiple firearms. PSR at 6-8, 20. Following the purchase of the firearms, Johnson would receive a portion of the sales. Although the government gathered substantial evidence against him, the government elected not to arrest him at the time.

On December 13, 2009, before he was indicted, Johnson was arrested for an unrelated crime following a traffic stop by Detroit police officers. Officers ordered Johnson, a passenger, out of the vehicle and then observed him holding his right side trying to conceal a weapon. *Id.* at 15. He resisted arrest and tried to flee the area on foot, but was quickly apprehended and charged with felony firearm under Michigan state law. *Ibid.* On February 24, 2010, a Wayne County, Michigan circuit court judge sentenced him to two years in state prison. *Id.* at 16.

On April 6, 2010, a grand jury indicted Johnson, charging him with four counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of dealing in firearms without a licence in violation of 18 U.S.C. § 922(a)(1)(A). Significantly, the government designated Johnson as an armed career criminal under 18 U.S.C. § 924(e)(1) on two of the felon in possession counts.

On October 20, 2010, as part of a Rule 11 plea agreement, Johnson pleaded guilty to two counts of dealing in firearms without a licence in violation of 18 U.S.C. § 922(a)(1)(A). In return, the government agreed to dismiss the remaining counts, allowing Johnson to avoid a fifteen-year statutory mandatory minimum sentence under 18 U.S.C. § 924(e)(1).

The probation department completed a PSR on December 29, 2010.  The report indicated the following on the cover page:

| | |
|---|---|
| Release status: | Detained by the United States Marshal authorities since July 26, 2010. |
| Detainers: | Michigan Department of Corrections. |

That description was incorrect.  Johnson was not the subject of a detainer.  Rather, the petitioner was in the custody of the Michigan Department of Corrections following his two-year sentence for felony firearm and receiving credit toward his state sentence.  This mistake in the presentence report is the focus of the defendant's motion.  As discussed in more detail below, the defendant argues that his attorney was ineffective by failing to alert the Court to this mistake and to correct any assumptions the Court may have made about whether he would receive federal credit for the time he served while detained as a state prisoner.

On March 7, 2011, the Court held a sentencing hearing.  The Court and defense counsel referenced the subject whether Johnson should receive credit for time served at two points during the hearing.  The first discussion arose in the context of defense counsel's request for a downward departure from the sentencing guidelines:

| | |
|---|---|
| Defense counsel: | I think he should get credit for the time he served [in pretrial detention], because they didn't arrest him until after he got the two[-year sentence on the state gun charge].  And that's at your discretion, of course, but I also— |
| The Court: | Yeah, but the two[-year sentence] on the State gun charge was not a result of this investigation, was it? |
| Defense counsel: | No. |
| | |
| The Court: | It was a separate crime, correct? |
| Defense counsel: | Separate, but they didn't arrest him until years after. |
| The Court: | Oh, I see what you're saying.  Okay.  They could have arrested him so he could be doing time concurrently, is what you're saying. |
| Defense counsel: | Yes, sir. |

Sentence Hrg. Tr. [dkt. #58] at 18.

The second discussion about credit for time served arose after the Court sentenced Johnson

to a total prison term of 87 months (60 months on count 3 with a consecutive term of 27 months on

count 6):

| | |
|---|---|
| Defense counsel: | And his credit is from the time he was arrested or is it from – |
| The Court: | I have him detained by the Marshals since July 26th of 2010. I think the Bureau of Prisons will calculate his custody date as of that date. |
| The Court: | I have no control over what the Bureau of Prisons does, though. |

*Id.* at 26-27. Based on this exchange, Johnson apparently assumed that he would receive federal

credit — about eight months total — for the time he spent in pretrial detention. Def.'s Mot. at 5.

Johnson contends that he returned to the Michigan Department of Corrections with that

understanding and served the remainder of his two-year state sentence.

On December 12, 2011, after completing his state sentence, Johnson was transferred to the

Bureau of Prisons (BOP) to begin serving his 87-month federal sentence. On March 15, 2012,

approximately three months later, Johnson received a sentence monitoring computation data report

showing that his projected release date is March 11, 2019 — a full 87 months after his arrival at the

BOP. Only at that time, he contends, did he realize that he had not been given any federal credit for

the time he spent in custody after the initiation of his federal case.

On November 28, 2012, the petitioner filed a motion to vacate his sentence under 28 U.S.C.

§ 2255. Johnson argues that his counsel was ineffective for two reasons. First, the petitioner argues

that his counsel failed to advise the Court that his federal sentence would not be credited for the

approximately eight months he spent in federal pretrial detention because he was not in federal

custody subject to a Michigan *detainer*, but in the custody of the Michigan Department of Corrections subject to a federal *writ*. Johnson argues that a competent attorney should have known that awarding "double credit" for time served is expressly prohibited by 18 U.S.C. § 3585(b). Second, Johnson argues that his counsel was deficient because he failed to advise the Court of its authority to impose a concurrent sentence pursuant to section 5G1.3(c) of the United States Sentencing Guidelines. The petitioner contends that a competent attorney would have requested a concurrent sentence under this provision.

The government filed a response to the petitioner's motion, arguing that the motion is not timely because it was not filed within a year of the date the petitioner's conviction became final. The government also argues that counsel was not ineffective for failing to advise the Court that Johnson was not eligible to receive federal pretrial detention credit because counsel did, in fact, advise the Court of Johnson's custodial status in his sentencing memorandum. Moreover, the government contends, the Court was aware of the petitioner's custody status because it had issued several writs directed to the MDOC to procure the petitioner's presence at various court appearances. Finally, the government contends that counsel asked for a concurrent sentence and therefore did not render ineffective assistance of counsel. The government notes that Johnson's counsel argued for a 60-month sentence because he still had to serve the remainder of a two-year sentence on his state court conviction.

## II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise

subject to collateral attack."  28 U.S.C. § 2255(a).  "A prisoner seeking relief under 28 U.S.C. §

2255 must allege either:  '(1) an error of constitutional magnitude; (2) a sentence imposed outside

the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid.'"  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v.

United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## A.

The government says that the motion was filed late.  A motion to vacate a sentence under

28 U.S.C. § 2255 has a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Johnson did not file an appeal; therefore, his conviction became final on March 24, 2011,

or 14 days after entry of his judgment.  Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*,

358 F.3d 424, 427-28 (6th Cir. 2004).  Johnson, however, did not file his motion until November

28, 2012.  Therefore, unless one of the other provisions in the limitations section of the statute

applies, Johnson's motion must be dismissed as untimely.

Johnson argues that 28 U.S.C. § 2255(f)(4) applies because he could not have discovered that

his trial counsel did anything wrong until March 15, 2012, the date the BOP gave him his sentence

monitoring computation data report showing that he would not receive credit for the time he spent in pretrial detention. He assumed until that date that he would receive federal credit for the approximately eight months he spent in pretrial detention. This assumption was based on conversations with his attorney, who wrongly assumed that he would receive federal credit, and reinforced at his sentencing hearing when the Court stated that it, too, believed that the BOP would give him federal credit.

Johnson was entitled to rely on his own counsel's representations about whether he would receive federal credit for the time he served in the U.S. Marshal's custody. But the government argues that Johnson's motion is nevertheless untimely because Johnson should have requested the BOP to provide him with his release date from the moment he entered federal custody. Even assuming the defendant could have done so successfully, the government's timeliness argument fails. Johnson was transferred into federal custody on December 12, 2011 after he completed his state sentence, and he filed his motion on November 28, 2012, well-within a year of beginning his federal sentence. Section 2255(f)(4) applies because Johnson could not have discovered that he received erroneous information about pretrial custody credit until he began serving his federal sentence.

B.

Claims of ineffective assistance of counsel are properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)). To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an

objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  An

attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

1.

The petitioner's first argument is that his attorney was ineffective because he failed to advise

the Court that Johnson would not receive federal credit for the time he served in pretrial detention.

There is some merit to the argument that the Court incorrectly assumed he would receive federal

credit for the nearly eight months he spent in pretrial detention.  At his sentencing hearing, the

defendant asked whether he would receive federal credit for that period.  Referring to the PSR, the

Court stated: "I have him *detained* by the Marshals since July 26, 2010.  I think the Bureau of

Prisons will calculate his custody date as of that date," thereby giving Johnson federal credit for the

time he served in pretrial detention.  Sentence Hrg. Tr. at 27-28 (emphasis added).  The PSR,

however, was incorrect, at least with respect to the cover sheet.  Johnson was not in federal custody

subject to a *Michigan detainer*, but in *Michigan custody* subject to a *federal writ*.  The distinction

matters.  If he had been held in federal custody subject to a Michigan detainer, Johnson would have

received federal credit for time served.  But because Johnson was in Michigan custody, he received

credit toward his two-year state sentence for his felony firearm conviction.

If the cover sheet of the PSR were accurate, the Court likely would have informed counsel

that Johnson was ineligible for federal credit because "double credit" is expressly prohibited by

federal statute.  *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit for the service of a term

of imprisonment for any time he has spent in official detention prior to the date the sentence

commences . . . that has not been credited against another sentence."); *see also Garrett v. Snyder*,

-8-

41 F. App'x 756, 757 (6th Cir. 2002) ("Because [the petitioner] received credit toward his state sentences for the time period in question, he may not receive credit for the time toward his federal sentence. If [the petitioner] were credited for this time against his federal sentence, he would receive improper double credit.") (citations omitted). However, the PSR caused the Court to suggest that the defendant would be eligible for federal credit.

The petitioner argues that he was prejudiced by his attorney's failure to inform the Court about the inaccuracy in the report and that Johnson would have to serve his entire 87-month sentence. If his attorney had identified this mistake, he believes that there is a reasonable probability that the Court would have adjusted his sentence in one of two ways. First, he believes that there is a reasonable probability that the Court would have adjusted his sentence downward to account for the fact that he would not receive federal credit for his pretrial detention. Second, he believes that there is a reasonable probability that the Court would have imposed the overall sentence to run concurrent or partially concurrent with the remainder of his undischarged state sentence.

The defendant is mistaken. The Court announced its sentence after considering the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a). Sentence Hrg. Tr. at 23-24. The Court did not factor any possible credit for time served when it calculated the appropriate sentence. Instead, it addressed federal credit only after it announced Johnson's sentence, and even then only to say that "I have no control over what the Bureau of Prisons does." *Id.* at 27. It is true, as Johnson points out, that the Court believed that he may have been eligible for federal credit. However, the Court imposed the sentence knowing that "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Therefore, the Court felt comfortable with the sentence knowing full well

-9-

that Johnson may not receive any federal credit at all.  The Court will deny the petitioner's motion to vacate his sentence because he cannot establish that he was prejudiced by his attorney's failure to notify the Court about the inaccuracy in the PSR and that Johnson would have to serve his entire 87-month sentence.

2.

The respondent's second argument is derivative of his first and fails for the same reason.  In his second argument, the petitioner contends that his attorney was ineffective because he failed to advise the Court of its authority to impose a sentence that would run concurrent to his two-year state sentence for felony firearm.  He believes that a competent attorney would have requested a concurrent sentence given the Court's misunderstanding about whether Johnson qualified for federal credit.  However, the Court was well aware of its authority to impose a concurrent sentence under United States Sentencing Guidelines 5G1.3(c) and did not need a reminder from the defense counsel about its authority to do so.  Regardless, the petitioner cannot establish prejudice by his attorney's failure to request a concurrent sentence.  Just as the Court denied the petitioner's motion for a downward departure, it would have denied the petitioner's request for a concurrent or partially concurrent sentence if counsel had requested it.  The Court imposed an 87-month sentence (five months below the bottom of the applicable Sentencing Guideline range) because the Court believed that amount of time to be a fair and just sentence for the petitioner's crimes.

III.

The petitioner has not shown that he was denied his right to the effective assistance of counsel under the Sixth Amendment.

-10-

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #61]

is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 31, 2016

<div style="border:1px solid black">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2016.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

</div>